# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALICIA STEELE, | Civil Action No. ~~1:17-CV-1368~~ |
| Plaintiff, | |
| v. | |
| CREDIT COLLECTION SERIVCES, INC. ; DOES1-10, inclusive, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's repeated and unauthorized collection attempts Plaintiff. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act, O.C.G.A. by the Defendant and its agents in their illegal efforts to collect a consumer debt.

## PARTIES

1. Plaintiff, Alicia, is a natural person who resides in Fulton County, Georgia.

2. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

3. Defendant, Credit Collection Service, Inc. (hereinafter "CCS") is a Massachusetts Corporation, not registered with the Georgia Secretary as a Foreign Corporation or otherwise. (Ex. 1).

4. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owned or due another and is therefore a "debt collector" as that term is defined by U.S.C. § 1692a(6). ( Ex. 2).

5. Does 1-10 (the "Collectors") are individual collectors or employees of CCS and whose identities are currently unknown to the Plaintiff. One or more of the collectors may be joined as parties once their identities are disclosed through discovery.

6. CCS at all times acted by and through one or more of the collectors or contracted entities.

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

8. Venue us proper in this Court because a substantial part of the claim arose in Georgia, and Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

9. Pursuant to LR 3.1B(3), NDGA venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, Which is in the Atlanta Division.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. THE DEBT

10. The Plaintiff allegedly incurred a financial obligation (the "Debt") to in original creditor (the "Creditor").

11. That arose from services provided by the original creditor, which are

primarily for family, personal or household purposes, which meet the definition of a "debt", under 15 U.S.C. § 1692a(5).

12. The debt was purchased, assigned or transferred to Empire for collection, or Empire Collection was employed by the creditor to collect the debt.

13. The Defendant attempted to collect the debt, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

### B. CREDIT COLLECTION SERVICES ENGAGES IN HARASSMENT AND ABUSIVE TACTICS

14. On September 16, 2017 Ms. Alicia Steele ("Ms. Steele"), Plaintiff, allegedly incurred a debt from Quest Diagnostics.

15. Some time there after the debt was transferred to CCS for collection.

16. On April 20, 2017 Ms. Steele received a collection notice letter informing her that her account had been transferred to CCS for collection. (Ex. 2).

17. The collection noticed informed her that she had 30 days to dispute the validity of the debt. Specifically, it read in part:

> "FEDERAL LAW: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion there of, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office

4

will obtain verification of the debt or obtain a copy of judgment and mail you a cope of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (Id.)

18. In the same letter granting Ms. Steele the right to dispute the validity of the debt alleged owed CCS request payment overshadowing the right to dispute the validity of the debt.



19. On May 11, 2017 twenty-one (21) days after its initial "Notice of Collection" CCS dispatched a second letter once again requesting payment of the alleged debt overshadowing the Federally mandated 30-day validation period. (Ex. 2).

20. On June 1, 2017 counsel issued a demand letter in compliance with

Georgia's *ante litem* requirement pursuant the Georgia Fair Business Practices Act informing CCS of representation effectively issuing a cease and desist. (Ex. 5.).

21. The letter was dispatched using United States Postal Service ("USPS") Certified mail with tracking *No. 7016 0600 000 6014 9545*. (Ex. 3).

22. On June 8, 2017 a representative from CCS, Compliance Paralegal, Varian MacCellon contacted Plaintiffs' counsel requesting additional time to respond. Plaintiffs' counsel obliged with a 5-day extension in order to facilitate amicable resolution prior to filing.

23. To date of this filing all attempts to arrive at an amicable resolution have failed.

### C. PLAINTIFF SUFFERED ACTUAL DAMAGES

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this complaint though fully stated therein.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of the debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(2)(A) in that the Defendant is unable to validate the debt and falsely represented the character in amounts and status of the debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692f in that the Defendants used unfair and unconscionable means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff.

33. The Defendants' conduct violated 15 U.S.C. § 1692f(b) In that the Defendants failed Plaintiff a 30-day validation period by which Plaintiff could dispute the validity of the alleged debt.

34. The foregoing acts and omissions of Defendants continue numerous in multiple violations of the FDCPA, including every one of the above cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-391, *et seq.*

36. The Plaintiff incorporates by all reference all of the above paragraphs of this complaint as the fully stated therein.

37. The Plaintiff is a "consumer" as a term is defined by O.C.G.A. § 10-1-392(6).

38. The Plaintiff incurred debt as a result of engaging into "[c]onsumer transactions" as a term is defined by O.C.G.A. § 10-1-392(10).

39. The Defendant used unfair or deceptive acts to collect the debt incurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

40. The Plaintiff suffered mental anguish, emotional distress and in an amount to be proven at trial.

41. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act buy under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that judgment be entered against defendants:

1. Actual damages pursuant went to 15 U.S.C. § 1692(k)(a)(1) and O.C.G.A. § 10-1-399(a) against defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(2)(a) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Cost of litigation and reasonable attorneys fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual Damages from Defendants for all damages including emotional distress suffered as a result of intentional, reckless, and/or negligent FDCPA violations and intentional, recklessness, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants.

7. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

8. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B); and

7. Such other and further relief as maybe just and proper.

## TRIAL BY JURY DEMAND ON ALL COUNTS

Dated: 06/20/2017

        Respectfully submitted,

            */S/ David A. Prado*
            By: David A. Prado, Esq.
            Attorney Bar No. 876286
            Attorney for Plaintiff Alicia Steele
            MacPherson & Prado, LP.
            3056 Greyfield Place
            Marietta, GA 30067
            OFFICE: (706) 431-7297
            MOBILE: (770) 597-3269
            E-mail: Dprado@GeorgiaCollectionDefense.com